IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MICHAEL W. PATTON                                                                                    PLAINTIFF

v.                              Civil No. 11-3036

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                                DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Michael Patton, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.    Procedural Background:**

The plaintiff filed his application for DIB on April 17, 2008, alleging an onset date of September 24, 2007, due to left knee pain, chronic varicose veins, flat arches, hypertension, and plantar fascitis.  Tr. 135.  His applications were denied initially and on reconsideration.  Tr. 59, 62, 64, 119.

An administrative hearing was held on March 24, 2010.  Tr. 23-52.  Plaintiff was present and represented by counsel.  At this time, plaintiff was 49 years of age and possessed a high school education and two years of college.  Tr. 14, 144.  He had past relevant work ("PRW") experience as a die cast machine operator (medium, skilled), utility worker (heavy, unskilled), poultry dressing worker (heavy, unskilled), meat trimmer (medium, unskilled).  Tr. 46-47.

On May 7, 2010, the Administrative Law Judge ("ALJ") concluded that Plaintiff's morbid obesity and bilateral osteoarthritis of the knees with chronic venous insufficiency in both lower extremities were severe impairments, but did not meet or medically equal one of the listed impairments in 20 C. F. R., Part 404, Subpart P, Appendix 1. Tr. 10. He found that plaintiff maintained the residual functional capacity ("RFC") to perform sedentary work that allows for a sit/stand option and does not involve squatting or climbing ladders or stairs. Tr. 10-14. With the assistance of a vocational expert, the ALJ then found he could still perform work as a gas island attendant cashier, assembler, and machine tenderer. Tr. 14-15.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on April 20, 2011. Tr. 1-3. Subsequently, plaintiff filed this action. Doc. # 1. This case is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. Doc. # 7, 8.

## II.　**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742,

747 (8th Cir. 2001). If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *See Barnhart v. Walton*, 535 U. S. 212, 219-220 (2002).

   A.   **The Evaluation Process**:

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age,

education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**III.    Discussion**:

The undersigned is plagued by two issues, both involving the vocational expert's (VE) testimony. The testimony of a VE is required only when the claimant carries his initial burden of showing that he is incapable of performing past relevant work, as he has done here, and the claimant has a nonexertional injury. *Johnston v. Shalala,* 42 F.3d 448, 452 (8th Cir.1994). However, to constitute substantial evidence to support the ALJ's decision, the testimony from a VE must be based on a properly-phrased hypothetical question. *See Cruze v. Chater,* 85 F.3d 1320, 1323 (8th Cir.1996); *cf. Hinchey v. Shalala,* 29 F.3d 428, 432 (8th Cir.1994) (when hypothetical question does not encompass all relevant impairments, VE's testimony does not constitute substantial evidence to support the ALJ's decision). To be proper, the ALJ's hypothetical question need only include "those impairments that the ALJ finds are substantially supported by the record as a whole." *Id.* (citing *Stout v. Shalala,* 988 F.2d 853, 855 (8th Cir.1993)); *see also Morse v. Shalala,* 32 F.3d 1228, 1230 (8th Cir.1994).

When questioning the expert regarding the jobs Plaintiff could perform, the ALJ initially asked the VE to identify light, unskilled jobs. Tr. 47. After several positions were identified, the ALJ then asked the VE if any of those positions would allow for a sit/stand option, to which he responded only one light job would allow for this option. The ALJ then asked the expert to identify sedentary jobs, but no sit and stand at will limitations were included. Tr. 48. The VE identified gas island attendant, parking lot attendant, car wash attendant, assembly jobs, and machine tenderer jobs. There is, however, no indication that the VE's testimony included

sedentary jobs available with a sit/stand option, which the ALJ ultimately concluded Plaintiff would require. And, the expert's testimony indicates that the positions identified were customarily performed sitting. Thus, we can not say that the VE's testimony provides substantial support for the ALJ's decision, as it was not based upon a properly phrased hypothetical including all of Plaintiff's relevant impairments.

Also of concern to the undersigned is the ALJ's testimony regarding the impact Plaintiff's medications would have on his ability to obtain employment. Upon examination by Plaintiff's counsel, the VE testified that an individual taking the medications prescribed to Plaintiff, namely two types of Morphine, would find it extremely difficulty to find a job. Tr. 51. Further, he stated that many employers drug test and that allowing Plaintiff to work while taking these medications would be the equivalent of making a work accommodation for him. As the purpose of the VE's testimony is to identify competitive jobs that would be available to the Plaintiff and the record does indicate that Plaintiff was taking a total of six doses of Morphine daily (as prescribed), we do not believe that this testimony provides substantial evidence that Plaintiff could perform the jobs identified. *See Eback v. Chater*, 94 F.2d 410, 412 (8th Cir. 1997) (It is error for a VE to cite jobs based on assumptions about employer accommodations, rather than on how the jobs are normally performed in the competitive job market). Accordingly, we believe remand is necessary to allow the ALJ to recall the VE and to articulate a hypothetical question including all of Plaintiff's impairments he finds to be credible.

Further, we note that Plaintiff was determined to be 100% disabled by the Veteran's Administration. Although we are cognizant of the fact that this decision is not binding upon the Administration, it is entitled to some consideration. Accordingly, on remand, the ALJ is also

5

directed to consider the VA's disability rating prior to rendering a new opinion. *Pelkey v. Barnhart*, 433 F. 3d 575, 579.  (8th Cir. 2006)

### IV.     Conclusion:,

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).  **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of June 2012.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE